[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

No. 07-14448
Non-Argument Calendar
_____

Agency Nos. A97-923-550
A97-923-551

MARCOS ANTONIO RIVODO,
LUZ ANTONIA RODRIGUEZ,
VANESA ALEXANDRA RIVODO,
MARY ANGELICA RIVODO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 18, 2008)**

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Marcos Antonio Rivodo, also on behalf of his wife, Luz Antonia Rodriguez, and his two minor children ("petitioners"), seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). First, petitioners, natives and citizens of Venezuela, argue that the IJ erred in denying their application for asylum and withholding of removal because Rivodo's testimony was credible and consistent with the statements in the application and demonstrated that he had suffered past persecution at the hands of the Tupamaraos. According to Rivodo, the Tupamaraos were an organized group of street criminals who had been granted the status of a political party by Venezuelan President Hugo Chavez. Rivodo argues that the Tupamaraos threatened and attacked him and his family members based on the group members' belief that he was a spy against the Chavez government. Petitioners assert that the IJ's findings that there was no corroborating evidence concerning Rivodo's claims and no evidence of a nexus between the alleged persecution and a protected ground contradicted the IJ's earlier determination that Rivodo's testimony was credible and consistent. Petitioners further argue that

Rivodo's testimony demonstrated a well-founded fear of future persecution if he were to return to Venezuela.

For the reasons set forth more fully below, we deny the petition for review in part and dismiss the petition for review in part.

I.

Because the BIA summarily affirmed the IJ without an opinion, we review the IJ's decision. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). We review factual determinations using the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. To conclude that the IJ should be reversed, we "must find that the record not only supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (quotation omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). To the

3

extent the IJ's decision was based on a legal determination, review is <u>de novo</u>.

<u>Mohammed v. Ashcroft</u>, 261 F.3d 1244, 1247 (11th Cir. 2001).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." <u>See</u> 8 U.S.C. § 1158(b)(1)(A); INA § 208(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A); INA § 101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001). In order to carry this burden, the alien must establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1230-31 (11th Cir. 2005). We require the applicant to present "specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution on account of" a protected ground. <u>Al Najjar</u>, 257 F.3d at 1287 (quotation omitted). We have stated that "persecution is an extreme concept, requiring more than a few isolated

4

incidents of verbal harassment or intimidation," and "[m]ere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations omitted). Evidence that merely shows that the applicant has experienced acts of private violence or has been the victim of criminal activity does not constitute evidence of persecution based on a statutorily protected ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

We have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (quotation omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." Id. (alterations and quotations omitted). Where the perpetrator of violence against a petitioner was unidentified, we have held that there was an absence of the necessary nexus between the alleged persecution and the alleged political opinion, which did not compel the conclusion that the threats were politically motivated. See Silva v. United States Att'y Gen., 448 F.3d 1229, 1239 (11th Cir. 2006); Sepulveda, 401 F.3d at 1231-32.

To establish eligibility for withholding of removal under the INA, the applicant must show that his life or freedom would be threatened based on a protected ground. Ruiz, 440 F.3d at 1257. "The burden of proof for withholding of removal, however, is 'more likely than not,' and, thus, is 'more stringent' than the standard for asylum relief." Id. (citation omitted). An applicant who fails to establish eligibility for asylum on the merits necessarily fails to establish eligibility for withholding of removal. Forgue, 401 F.3d at 1288 n.4.

Here, substantial evidence supports the IJ's conclusion that Rivodo failed to demonstrate that he experienced past persecution, or had a well-founded fear of future persecution, based on an imputed political opinion. According to Rivodo's testimony, he began to receive death threats after he reported his co-workers' theft of company inventory to the police in October 2002. His co-workers indicated that they would find the person who reported them and kill him. Several months later, in June 2003, he was physically attacked by two unidentified men who followed him on his way to work. Additionally, unidentified men broke into his mother-in-law's home and painted threats on the walls, and his cousin-in-law was kidnapped and held for approximately 20 days. Although Rivodo was physically attacked and his relatives also experienced threats and violence, the record does

not compel the conclusion that Rivodo and his family members were targeted in order to punish him for an imputed political opinion.

Arguably, the incident in which Rivodo was beaten and threatened with death, in conjunction with the attacks on his family members that were accompanied by threats, rose to the level of persecution. See Meija v. U.S. Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007) (holding that petitioner suffered past persecution after considering the cumulative impact of repeated physical attacks accompanied by death threats). However, even if Rivodo could establish persecution on the basis of the incidents he recounts, he did not establish the necessary nexus between the persecution and his political opinion. See Sepulveda, 401 F.3d at 1230-31. Rivodo did not present any evidence concerning the existence of the Tupamaraos or his co-workers' membership in that group and further failed to show that he was targeted by the Tupamaraos because they believed that he was actively opposed to the Chavez government. Rather, substantial evidence supports the conclusion that he was targeted because of his participation in the investigation of his co-workers' criminal activity, and not for persecution based on an imputed political opinion. See Ruiz, 440 F.3d at 1258. Further, Rivodo was unable to identify, by appearance, voice, or the perpetrators' self-identification, any person associated with the Tupamaraos as a perpetrator of

the incidents he recounts. See Silva, 448 F.3d at 1239; Sepulveda, 401 F.3d at 1231-32.

Because Rivodo did not establish the necessary nexus, he also could not show that he had a well-founded fear of future persecution based on imputed political opinion. Therefore, substantial evidence supports the IJ's finding that petitioners failed to establish eligibility for asylum. Petitioners also failed to establish eligibility for withholding of removal because they did not meet the lower standard for asylum. See Forgue, 401 F.3d at 1288 n.4. Accordingly, we deny the petition for review in this respect.

## II.

We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). "The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). We have "interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA." Id.

Although petitioners made a brief reference to the IJ's denial of CAT relief in their brief before the BIA, they made no argument related to that claim and set forth no applicable rules of law. Therefore, petitioners failed to exhaust their administrative remedies with respect to their claim for CAT relief, and we lack jurisdiction to consider it. Sundar, 328 F.3d at 1323. Further, aside from a brief reference, the petitioners do not raise any argument in their brief before this Court regarding the IJ's denial of their application for CAT relief. Accordingly, even if petitioners had exhausted these claims before the BIA, they have since abandoned them on review. Sepulveda, 401 F.3d at 1228 n.2 (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned). Accordingly, we dismiss the petition for review in this respect.

In light of the foregoing, the petition for review is

**DENIED IN PART, DISMISSED IN PART.**